IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY LEE PATMON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV14 |
| | ) | |
| V. | ) | |
| | ) | |
| CAROL HANNEMAN, TAMMY BADER, and WASHINGTON COUNTY, NEBRASKA, | ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed his Complaint in this matter on January 14, 2016. (Filing No. 1.) Upon initial review, the court determined that Plaintiff had failed to state cognizable claims. (Filing No. 19.) However, the court granted Plaintiff leave to file an amended complaint. Plaintiff filed an Amended Complaint on June 13, 2016. (Filing No. 20.) For the reasons explained below, Plaintiff's claims will now be dismissed in their entirety.

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint names Washington County, Nebraska, Carol Hanneman ("Hanneman"), and Tammy Bader ("Bader") as Defendants. (Filing No. 20.) Plaintiff alleges that Hanneman was employed by Washington County Jail to dispense medication, and that Bader was a nurse practitioner employed by Washington County Jail. Hanneman and Bader are sued in both their official and individual capacities. Liberally construed, Plaintiff maintains that Defendants were deliberately indifferent to his medical needs in violation of his Eighth and Fourteenth Amendment rights.

Plaintiff claims that on November 11, 2015, he wrote an inmate request to the Jail's medical department complaining that he was experiencing discomfort and severe itching after receiving his insulin shots. At that time, he also inquired about the kind of

insulin that he was being given. On November 12, 2015, Plaintiff received a written response to his request signed by Hanneman, which indicated that Bader wanted to reduce Plaintiff's insulin dosage.

On November 15, 2015, Plaintiff submitted a medical request form stating that he had a heart condition and that he needed "nitro" pills. Plaintiff also complained that he was having chest pains. The next day, Plaintiff received a written response from Hanneman, stating that Bader had been made aware of the situation and that his medical records had been requested from another facility. Hanneman also informed him that medical staff would continue to check his blood pressure.

On December 6, 2015, Plaintiff filed a grievance complaining that he had not received his heart medication and requesting that he be moved to another facility for medical care. He also asked the medical department whether the bleeding and itching he had been experiencing after his insulin shots was normal. The following day, Hanneman advised him that his heart medication was ordered by Bader, but that Plaintiff could not keep the pills with him and would have to request the pills as needed. She also advised him that his insulin should not make him itch. Hanneman further informed Plaintiff that the medical department was still waiting to receive his medical information from another facility.

On December 7, 2015, Plaintiff filed a medical grievance, claiming his insulin was not right and that he was experiencing side-effects. On December 8, 2015, Hanneman told him that the Jail did not have the same kind of insulin that Plaintiff normally takes.

On December 14, 2015, Plaintiff informed the medical department that he was experiencing blurred vision. That same day, Hanneman informed Plaintiff that his vision problems could be caused by changes in his blood pressure and blood sugar.

## II. DISCUSSION

Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights because they were deliberately indifferent to his medical needs. To establish a § 1983 claim for deliberate indifference, Plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (citation omitted).

Defendants, who are purported county employees, have been sued in their official and individual capacities. A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, Washington County. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). As a municipality, Washington County can only be liable under § 1983 if a municipal policy or custom caused his injury. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978).

Plaintiff has failed to plausibly suggest that an official Washington County policy or custom caused the allegedly deficient medical care. Here, Plaintiff alleges that Washington County was deliberately indifferent to his medical needs by "not having defendant Tammy Bader, looking after the complaints that the plaintiff was making, as was her job to do so not defendant Hanneman." (Filing No. 20 at CM/ECF p. 4.) Plaintiff further alleges that Washington County Jail "needs to be held accountable for not having trained medical staff on standby for any serious medical issues." (Filing No. 20 at CM/ECF p. 5.) These conclusory statements are insufficient to allege a municipal policy or custom creating liability under § 1983. Therefore, Plaintiff's claims against

Washington County, as well as Plaintiff's claims against Hanneman and Bader in their official capacities, will be dismissed.

Plaintiff's claims against Hanneman in her individual capacity will also be dismissed. Plaintiff's allegations do not support the inference that Hanneman refused to treat him, ignored his complaints, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need. To the contrary, according to the dates and allegations contained in the Amended Complaint, Hanneman promptly responded to each of Plaintiff's grievances and requests. In short, there is nothing that suggests that Hanneman acted with a sufficiently culpable state of mind to satisfy the deliberate indifference standard.

Likewise, Plaintiff's allegations pertaining to Bader fall short of stating a claim. Plaintiff's primary complaint is that Bader did not personally respond to Plaintiff's concerns regarding his medications. However, Plaintiff's allegations do not support the inference that Bader ignored or disregarded any of Plaintiff's purported serious medical needs. Bader was consulted about Plaintiff's health concerns. In response, she indicated that she wanted to change Plaintiff's insulin dosage and ordered heart medication. Plaintiff's medical records were also sought from another facility. Moreover, Plaintiff does not allege that he requested to be seen by Bader, but was denied a physical examination. There is nothing in the Amended Complaint that suggests Bader knew that Plaintiff was at serious risk of being harmed and decided not to act.

IT IS THEREFORE ORDERED that Plaintiff's claims are dismissed without prejudice. Judgment will be entered by separate order.

DATED this 22nd day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge